UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN T. CLAYTON,

          Plaintiff,

v.

RICHARD E. KROOPNICK,
FOWLERVILLE SCHOOL
DISTRICT, and
FOWLERVILLE COMMUNITY
SCHOOLS,

          Defendants.

_____/

Case No. 2:22-cv-12156
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO:  (1) DENY WITHOUT PREJUDICE DEFENDANT RICHARD KROOPNICK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 9); and, (2) SET A DEADLINE FOR FILING A COMPLIANT AMENDED COMPLAINT

I.    **RECOMMENDATION**:  The Court should:  **(1) DENY WITHOUT PREJUDICE** Defendant Richard Kroopnick's motion to dismiss Plaintiff's complaint (ECF No. 9); and, **(2)** provide a deadline by which Plaintiff must file a pleading that complies with the Federal Rules of Civil Procedure, namely Fed. Rules Civ. P. 8 and 10.

II.    **REPORT**

    A.    **Background**

Fowlerville Community Schools (FCS) implemented a Section 504 Plan for

J.C. on September 15, 2021.  (ECF No. 17, PageID.1037.)[1]  Section 504 "is a

federal law designed to protect the rights of individuals with disabilities in

programs and activities that receive Federal financial assistance from the U.S.

Department of Education (ED)."[2]  In pertinent part, it provides:

> No otherwise qualified individual with a disability in the United
> States, as defined in section 705(20) of this title, shall, solely by
> reason of her or his disability, be excluded from the participation in,
> be denied the benefits of, or be subjected to discrimination under any
> program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a).

It appears that Justin Clayton, seemingly J.C.'s guardian (*id*., PageID. 1014),

and Jason Miller, the Kreeger Elementary School Principal, spoke on February 28,

2022 regarding "disciplinary action" the school was taking, "specifically related to

disrespecting the learning environment and insubordination to school personnel."

---

[1] Where a filing contains "the name of an individual known to be a minor," it may include only "the minor's initials[.]"  Fed. R. Civ. P. 5.2(a)(3).  Among other missteps which illustrate why non-attorneys are prohibited from representing the interests of others − and especially minors and other legally incapacitated individuals − Plaintiff has violated this rule in the initial pleading and now throughout the record (*see* ECF Nos. 1, 10, 11, 17).  Nonetheless, the Court will endeavor to avoid the same problem in its own filings.  The case was also filed in the wrong federal district (W.D. Mich.) and against an improperly named defendant (Fowlerville School District), as explained below.

[2] *See* https://www2.ed.gov/about/offices/list/ocr/504faq.html (last visited June 22, 2023).

(*Id.*, PageID.1032.)[3]  On March 1, 2022, the Livingston Education Service Agency (LESA) / Section 504 team determined that the behavior subject to discipline was "not a manifestation of the student's disability . . . ."  (*Id.*, PageID.1038-1041.) The form appears to be signed by Principal Miller and Assistant Principal Bobby Sue Adams.  (*Id.*, PageID.1041; ECF No. 10, PageID.87.)  By a letter of the same date, Principal Miller informed Justin Clayton that "your child," J.C., had been suspended "[d]ue to the seriousness of the offenses," and J.C. would "need to appear before the Board Discipline Committee for possible long-term suspension/expulsion, pending the results of [a] hearing[,]" scheduled to take place on March 8, 2022.  (*Id.*, PageID.1032.)

It appears the hearing took place on March 9, 2022, at which point the Fowlerville Board of Education Discipline Committee approved a motion that J.C. "be expelled for 180 school days[,]" and also approved "the opportunity for J.C. to apply in August for reinstatement for the 2022-2023 school year."  (*Id.*, PageID.1033.)  The record of this case also contains FCS's July 15, 2022 Exhibit List (ECF No. 10, PageID.908-910), as well as transcripts from hearings that took place on July 22, 2022 (*id.*, PageID.428-771), July 28, 2022 (*id.*, PageID.27-427), and August 1, 2022 (*id.*, PageID.772-874).

---

[3] The record of this case suggests an incident occurred in February 2022.  (*See*, *e.g.*, ECF No. 17, PageID.1003, 1013, 1040.)

On August 24, 2022, Hearing Officer Kroopnick issued a 32-page order denying petitioner's request for relief.  (*Id*., PageID.875-907.)

## B.    Instant Case

Justin Clayton initiated this case *in pro per* on September 2, 2022 by way of a 63-page filing, which is labeled an "APPEAL TO D[E]CISION REGARDING [J.C.][']S MDR [MANIFESTATION DETERMINATION REVIEW] 504 HEARINGS." *See Clayton v. Kroopnick, et al.*, Case No. 1:22-cv-00814-JMB-SJB (W.D. Mich.).  Although the initial filing does not begin with a case caption, the docket for the case lists Richard E. Kroopnick (Hearing Officer) and the school district as Defendants.  (ECF No. 1, PageID.1.)  Perhaps acknowledging that the district is supposed to select an "impartial Hearing Officer," (*id*., PageID.56 ¶ 14), Plaintiff alleges that the school district selected Kroopnick, there was "a conflict of interest regarding the selection of the hearing officer . . . [,]" and Hearing Officer Kroopnick "refused to rule in our favor despite the fact that the evidence was clearly in our favor."  (*Id*., PageID.1.)

Shortly thereafter, the case was transferred to this Court.  Case 2:22-cv-12156-TGB-APP (E.D. Mich.).  Plaintiff, seemingly as J.C.'s guardian, is proceeding *in pro per* and *in forma pauperis*.  (ECF Nos. 2, 5.)  *See* 28 U.S.C. § 1915.  The U.S. Marshals Service (USMS) has attempted service of process by mail upon Fowlerville School District and Richard E. Kroopnick.  (ECF Nos. 6-8.)

4

Kroopnick, who is a licensed attorney and a member of the Bar of this Court, has also appeared *in pro per*.  (ECF No. 9.)  Although Fowlerville School District has yet to appear, a newly issued summons to a more accurately named educational entity (Fowlerville Community Schools) may yield better results.  (*See* ECF Nos. 18-19.)[4]

## C.    **Pending motion**

Judge Berg has referred this case to me for pretrial matters.  (ECF No .12.) Currently before the Court is Defendant Richard Kroopnick's motion (ECF No. 9) to dismiss Plaintiff's complaint (ECF No. 1).  Kroopnick argues, in a single paragraph, that Plaintiff fails to state a cognizable claim against him, contending:

> Here, Plaintiff's claim is against Fowlerville Community Schools; not Defendant Kroopnick.  Plaintiff asserts only that Defendant Fowlerville School District (sic) selected [Kroopnick] as the hearing officer for his requested hearing under Section 504 of the Rehabilitation Act of 1973[.]  Defendant Richard Kroopnick [is] "formerly of Thrun Law Firm."  (Thrun Law Firm, P.C. served as legal counsel for Fowlerville Community Schools in the proceedings at issue.)  Moreover, although Plaintiff had been specifically advised that the professional relationship between Defendant Kroopnick and Thrun Law Firm, P.C. had ended more than twelve years before the current proceedings, Plaintiff fails to mention this fact.  . . .

---

[4] On May 31, 2023, the Clerk of the Court:  (1) noted that the service packet delivered to the USMS on April 28, 2023 was not received/processed by the USMS; and, (2) placed a duplicate packet in the USMS's mailbox for execution. The USMS filed an acknowledgement of the service packet on June 13, 2023. (ECF No. 20.)

(ECF No. 9, PageID.20.)  Although Kroopnick's brief argument proffers the fact of his twelve-year disengagement from his former law firm, his motion is not supported by an affidavit or declaration, and, in any case, it is styled as a motion on the pleadings.  It also contains no case law or legal analysis in support of the very point being made: that he is an inappropriate party to sue.  Interestingly, Kroopnick's motion also does not address whether he is entitled to immunity for his role in denying Plaintiff's request for relief, ultimately set forth in the August 24, 2022 decision (*id*., PageID.875-907).  *See*, *e.g.*, *B.J.S. v. State Educ. Dep't/Univ. of New York*, 699 F. Supp. 2d 586, 594 (W.D.N.Y. 2010) (Arcara, J., *adopting report and recommendation of* Foschio, M.J.) (absolute immunity given to state review officer (SRO) on legal claims in IEP review); *Moubry v. Kreb*, 58 F. Supp. 2d 1041, 1050 (D. Minn. 1999) (Tunheim, J., *adopting report and recommendation of* Erickson, M.J.) (hearing review officer (HRO) dismissed, as the school district was "the real party in interest . . . .").  If Plaintiff's claims against Kroopnick survive this motion, Kroopnick may raise and brief the immunity affirmative defense, as appropriate.  *See Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966, at *2 (6th Cir. Aug. 2, 2022) (Thapar, J., concurring) ("judicial immunity isn't a jurisdictional doctrine; it's an affirmative defense that goes to the merits.").  Plaintiff filed a 4-page response (ECF No. 10, PageID.23-

26), along with 914 pages of exhibits, most of which are hearing transcripts (*id*., PageID.27-940).[5]

### D.   Amended, operative pleading

On March 21, 2023, the Court entered an order requiring Plaintiff to show cause why Defendant Fowlerville School District should not be dismissed for failure to comply with Fed. R. Civ. P. 4(m).  (ECF No. 14.)  Plaintiff filed a response (ECF No. 15), and, on April 12, 2023, I entered an order granting limited leave to amend – namely, ascertaining the school district's proper name –  and directing further service activities – namely providing service documents, to include one (1) copy of the complaint, two (2) USM 285 forms, and three (3) summonses, for the properly named school district.  (ECF No. 15).

On April 26, 2023, Plaintiff submitted another 63-page filing, this time asking the Court to use "Fowlerville Community Schools" in place of "Fowlerville School District."  (ECF No. 17, PageID.979.)  Similar to Plaintiff's initial filing, this filing is comprised of a 7-page "pleading" (*id*., PageID.979-985), 46 pages of duplicated transcripts as "testimony that supports [his] claims[,]" (*id*., PageID.986-1031), and 10 pages of attachments (*id*., PageID.1032-1041).  Indeed, the docket information heading at the top of every page of this filing is badly obscured,

---

[5] Although Plaintiff filed a motion for discovery on November 28, 2022 (ECF No. 11), this Court denied the motion and stayed discovery on December 15, 2022 (ECF No. 13).

because, instead of filing fresh documents, Plaintiff has refiled documents to which the Court has previously applied its docketing header.  This filing is now the operative pleading.  *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) ("Generally, amended pleadings supersede original pleadings.") (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed.2010)).

On April 28, 2023, the Court entered an order directing re-service of Plaintiff's complaint (ECF No. 18), after which the Clerk of the Court issued a summons for FCS (ECF No. 19); each has been submitted to the USMS.  To date, FCS has not appeared.

### E.   Discussion

#### 1.   Standing

Standing is "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right."  STANDING, Black's Law Dictionary (11th ed. 2019).  Thus, preliminarily, it is appropriate to consider whether Justin Clayton – seemingly J.C.'s guardian and seemingly a non-attorney (or, if an attorney, not one admitted to this Court) – has standing to sue for enforcement of Section 504 of the Rehabilitation Act.

### a.   *Winkelman v. Parma City School District*

In 2007, the Supreme Court considered "whether parents, either on their own behalf or as representatives of the child, may proceed in court unrepresented by counsel though they are not trained or licensed as attorneys[,]" or, more specifically, "whether a nonlawyer parent of a child with a disability may prosecute IDEA actions *pro se* in federal court[.]"  *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 520, 522 (2007).  The IDEA (Individuals with Disabilities Education Act) is codified at 20 U.S.C. §§ 1400-1482.  The Supreme Court concluded that "[*p]arents* enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims *on their own behalf.*"  *Winkelman*, 550 U.S. at 535 (emphases added).  However, the Supreme Court made clear that it *did not reach* the alternative argument "whether IDEA entitles parents to litigate their child's claims *pro se.*"  *Id.  See also T.S. v. Utica Cmty. Sch.*, No. 11-CV-13092, 2012 WL 1340492, at *4 n.3 (E.D. Mich. Feb. 16, 2012) (Michelson, M.J.), *report and recommendation adopted sub nom. Sharbowski v. Utica Cmty. Sch.*, No. 11-CV-13092, 2012 WL 1354056 (E.D. Mich. Apr. 18, 2012) (Borman, J.).  Nor did the Supreme Court in *Winkelman* address whether non-parents could pursue any claims.  *See* Sonja Kerr, *Winkelman: Pro Se Parents of Children with Disabilities in the Courts (or Not?)*, 26 Alaska L. Rev. 271, 285, 287 (2009) ("Parents of children with disabilities clearly have the 'right' to represent

9

themselves pro se in the courts.  Yet, it appears unlikely at this juncture that courts

will allow them to represent their children in matters relating to the children's

substantive rights.  . . . Yet, those same parents may not be able to represent their

own children in federal district court if an appeal is taken by either side, leaving

the child without recourse and both parties without a fair resolution.").

### b.  Non-attorney guardian suing on his own behalf

In the aftermath of *Winkelman*, District Courts within the Sixth Circuit have

clarified that parents lack standing to assert personal claims on their own behalf for

discrimination *against their children* under the ADA and Section 504 of the

Rehabilitation Act (29 U.S.C. § 794).  *Parker v. West Carroll Sch. Dist.*, No. 20-

cv-1044, 2020 WL 8513828, at *3 (W.D. Tenn. Nov. 24, 2020),[6] *report and*

*recommendation adopted*, 2021 WL 71962 (W.D. Tenn. Jan. 8, 2021).  If parents

lack standing to assert personal claims on their own behalf for discrimination

---

[6] *Citing Sorah v. Tipp City Exempted Village School District Board of Education*,
611 F.Supp.3d 441 (S.D. Ohio 2020) ("Given that Brandy Sorah has failed to
allege that Defendants took any adverse action directly against her as a result of
her advocacy, the Court concludes that she lacks standing to pursue claims under
the ADA and § 504."); *Burton v. Cleveland Heights-Univ. Heights City Sch. Dist.
Bd. of Educ.*, No. 17 CV 134, 2017 WL 4348915, at *4 (N.D. Ohio Sept. 29, 2017)
("The Court agrees that Mrs. Burton does not have standing to assert personal
claims under the ADA and the Rehabilitation Act based on violations of Amiya's
rights."); and, *Link v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:12-cv-
0472, 2012 WL 4506028, *5 (M.D. Tenn. Sept. 28, 2012) ("[T]he court refuses ...
to confer independent standing on parents asserting claims under the Rehabilitation
Act and the ADA.").

against their children under the ADA and Section 504 of the Rehabilitation Act (29

U.S.C. § 794), certainly non-attorney guardians do, too.

However, as we know from *Winkelman*, "[p]arents enjoy rights under IDEA;

and they are, as a result, entitled to prosecute IDEA claims *on their own behalf*."

*Winkelman*, 550 U.S. at 535 (emphasis added).  Although *Winkelman* concerned

the IDEA, the same would be true of Section 504.  As one court has noted:  "the

*Winkelman* rule does apply with equal force to claims brought by parents on their

own behalf under Section 504 and the ADA[,]" and "some courts have relied on

the parallel statutory rights in both the IDEA and Section 504 of 'any person

aggrieved,' to seek appropriate relief in federal court."  *A.M. ex rel. J.M. v. NYC*

*Dep't of Educ.*, 840 F. Supp. 2d 660, 675 (E.D.N.Y. 2012) (citing 29 U.S.C. §

794a(a)(2), 20 U.S.C. § 1415(i)(2)(A)), *aff'd sub nom. Moody ex rel. J.M. v. NYC*

*Dep't of Educ.*, 513 F. App'x 95 (2d Cir. 2013).  *See also Annika T. v. Unionville*

*Chadds-Ford Sch. Dist.*, No. CIV.A. 08-4944, 2009 WL 778350, at *4 (E.D. Pa.

Mar. 24, 2009) ("Now that *Winkelman* has held that parents have standing under

the IDEA to enforce their independent right to a free appropriate education for

their child, it would be incongruous to deny them standing under § 504 where their

claims under that statute are premised on alleged violations of the IDEA."); and,

*A.G. v. Lower Merion Sch. Dist., No. CIV.A. 11-5025*, 2011 WL 6412144, at *4

(E.D. Pa. Dec. 20, 2011) ("We have since read *Winkelman* to apply to claims under

the ADA and § 504, but only where there were also claims under the IDEA and the

claims under the ADA and § 504 were closely intertwined with them.") (citing

*Annika T.*, 2009 WL 778350, at *4).

Notwithstanding a parent or guardian's standing to bring claims on their own

behalf, it is not clear that Justin Clayton intended to do so.  Focusing on the 7-page

initial and amended "pleadings" and the concluding paragraph (*see* ECF No. 1,

PageID.1-7, 53; ECF No. 17, PageID.979-985, 1031), there are:

- References to "we," including the statements that:  (1) "[i]t is
  imperative that we be granted an unbiased and fair Judge to
  determine the proper and just outcome regarding this matter[;]"
  and, (2) "[w]e were NOT given adequate time to share our
  perspectives, opinion, or concerns regarding [J.C.] and his
  disabilities."  (ECF No. 17, PageID.979 ¶ 3(d) & PageID.981.)

- At least three allegations that Jason Miller (the elementary
  school principal) waived "my right" or "my rights" to discuss
  or go over "relevant information," (*see* ECF No. 17,
  PageID.981-983), which seems to be a reference to the March
  1, 2022 LESA form signed by Miller and, seemingly, Adams
  (the elementary school assistant principal) (*id.*, PageID.1040).

Perhaps Justin Clayton intends to allege violations of his and/or J.C.'s rights.  (*See*,

*e.g.*, ECF No. 17, PageID.1032 ("Your rights and [J.C.'s] rights entitle you to this

hearing, be represented by legal counsel at your cost, and present any witness or

other evidence (as necessary).").  Clarity is critical, because, as discussed below

(Section II.E.3.b), whether Plaintiff's claims are brought on his own behalf or on

behalf of J.C., a minor, will determine whether this Court has subject matter jurisdiction over this lawsuit.

### c.  Non-attorney guardian suing on behalf of a minor

Moreover, if Plaintiff intends to sue on behalf of J.C., a minor, he cannot do so if he is not an attorney, and the Court has no reason to believe that he is. "Because non-attorney parents cannot represent their child in an IDEA action and because [the minor child's] right to a FAPE [free appropriate public education] was not a right that he shared jointly with his parents," the Sixth Circuit held that "the [parents] could not proceed on their son's behalf and that their appeal would be dismissed unless they obtained counsel within 30 days." *Cavanaugh v. Cardinal Loc. Sch. Dist.*, 150 F. App'x 386, 387 (6th Cir. Aug. 19, 2005) (referencing *Cavanaugh v. Cardinal Local School District,* 409 F.3d 753 (6th Cir. May 18, 2005)).[7] *See also Lawson v. Edwardsburg Pub. Sch.*, 751 F. Supp. 1257, 1258 (W.D. Mich. 1990) (in an Education of the Handicapped Act (EHA) case, "[w]hile a litigant has the right to act as his or her own counsel, *see* 28 U.S.C. §

---

[7] To be sure, the earlier, published *Cavanaugh* decision – which concluded that "the IDEA does not grant parents the right to represent their child in federal court[,]" and that "the right of disabled child to a FAPE belongs to the child alone, and is not a right shared jointly with his parents[,]" *Cavanaugh*, 409 F.3d at 756-757 – was abrogated by the Supreme Court in 2007, but only to the extent the Supreme Court ruled that "[p]arents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims *on their own behalf*." *Winkelman*, 550 U.S. at 535 (emphasis added).

1654, a non-attorney parent is not permitted to represent the interests of his or her minor child.").  No doubt the same is true for non-attorney guardians attempting to represent a minor child in an IDEA action.  And, based on parallels between the IDEA and Section 504 of the Rehabilitation Act, it appears the same would be true of a non-attorney guardian attempting to represent a minor child in a Section 504 Rehabilitation Act case.  *See*, *e.g.*, *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 730 (3d Cir. 2009) ("The claims in this case made under § 504 are parallel to the IDEA claims."); *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 125 n.17 (1st Cir. 2003) ("The regulations implementing § 504 parallel IDEA's language regarding substantive claims[.]").  In sum, even if Justin Clayton is J.C.'s guardian, it seems he is a non-attorney, and, therefore, does not have standing to sue, particularly without counsel, to the extent he does so on behalf of J.C. – a minor.[8]

---

[8] Indeed, Plaintiff should consider the following advice from Judge Michelson's opinion:  "This Court notes that the administrative process gives the federal courts—courts with no expertise in the educational needs of the disabled—'the benefit of expert fact finding by a state agency devoted to this very purpose.' *Crocker [v. Tennessee Secondary School Athletic Ass'n]*, 873 F.2d [933][,] 935 [(6th Cir. 1989)].  Such a process is necessary to give effect to the IDEA's fundamental purpose, which is to have local education agencies, parents and children work together to formulate an IEP to fit the individual child's specific needs.  *Id*.  Plaintiffs in this case will be better served by having the Michigan Department of Education [(USDOE)] and one of its Administrative Law Judges analyze [the special education student's] needs and whether the local school district's IEP is meeting those needs.  The federal courts are not the place to start such an analysis.  *Id*."  *Utica Cmty. Sch.*, 2012 WL 1340492, at *4 n.3.

14

## 2. Form of pleading

In addition to clarifying on whose behalf Plaintiff brings his claims, the answer to which will determine if Plaintiff has standing to sue for enforcement of Section 504 of the Rehabilitation Act, Plaintiff should also be required to revise the form of his complaint. Pleadings and motions are governed by Fed. Rules Civ. P. 7 to 16. The form of a pleading is governed by Fed. R. Civ. P. 10. In part, Rule 10 requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court acknowledges that Plaintiff's 7-page "pleading" contains some numbered paragraphs, although the numbering starts, stops, and starts over anew. (ECF No. 17, PageID.979-985.)

Rule 10 also provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a) ("Caption; Names of Parties."). Neither Plaintiff's initiating "pleading" nor his amended "pleading" begins with a proper case caption (an example of which appears at the outset of this order). For example, these filings do not begin with the court's name, *i.e.*, they are not addressed to the Court. Also, they are not labeled as a "complaint," an "amended complaint," or some other Rule 7(a)

designation (such as an answer or a reply); instead, Plaintiff's initial and amended

"pleadings" begin with the label:  "APPEAL TO D[E]CISION REGARDING

[J.C.][']S MDR [MANIFESTATION DETERMINATION REVIEW] 504

HEARINGS."  (ECF No. 1, PageID.1; ECF No. 17, PageID.979.)

Yet, even if the Court overlooks the missing court name (initially the W.D.

Mich. and now the E.D. Mich.), and even if the Court assigns the "complaint" and

"amended complaint" labels to these filings, there remains another omission – the

lack of a title, *i.e.*, the list of Plaintiff(s) versus Defendant(s).  Therefore, the

parties to this lawsuit are not clearly defined.  While certain individuals or entities

are named on the first pages of Plaintiff's initial and amended "pleadings," – *e.g.*,

J.C., "Fowlerville School District," and Richard E. Kroopnick, and while the first

page of each is signed by Justin Clayton (*see* ECF No. 1, PageID.1; ECF No. 17,

PageID.979), only on the amended "pleading" do the words "Plaintiff" and

"Deffendent" [sic] appear.  In other words, the Court is left to assume that the

Plaintiff is Justin Clayton (acting on behalf of J.C., presumably a minor – an

assumption which is problematic as discussed above), and the Defendants are the

school district (FCS) and the hearing officer (Kroopnick).

Thus, in addition to clarifying on whose behalf Plaintiff brings his claims

(*see* Section II.E.1), Plaintiff should be required to:  (a) remove any doubt about

the parties to this lawsuit by filing an amended pleading that complies with Fed. R.

Civ. P. 10(a); and, (b) set forth the claims "in numbered paragraphs" (and without repetition) in compliance with Fed. R. Civ. P. 10(b).

### 3.   Content of pleading

Among the pleadings allowed is "a complaint[.]"  Fed. R. Civ. P. 7(a)(1). The general rules of pleading provide, "[a] pleading that states a claim for relief must contain:

(1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) ("Claim for Relief.").

### a.   Jurisdiction

It is questionable whether Plaintiff's initial filing (ECF No. 1) or April 26, 2023 filing (ECF No. 17) satisfy each of these requirements.  Preliminarily, neither filing appears to mention "jurisdiction," although each cites Section 504 (of the Rehabilitation Act of 1973); therefore, the Court assumes Plaintiff intends to proceed under 28 U.S.C. § 1331 ("Federal question").  *See also* Fed. R. Civ. P. 8(a)(1).  This intention is confirmed by Plaintiff's November 28, 2022 response to the pending dispositive motion.  (*See* ECF No. 10, PageID.23.)

###### b.    Claim(s)

As for whether Plaintiff's filings satisfy Fed. R. Civ. P. 8(a)(2), the Court's

form <u>Complaint for a Civil Case</u> gives the following explanation for <u>Statement of</u>

<u>Claim</u>:

> Write a short and plain statement of the claim. Do not make legal
> arguments. State as briefly as possible the facts showing that each
> plaintiff is entitled to the damages or other relief sought. State how
> each defendant was involved and what each defendant did that
> caused the plaintiff harm or violated the plaintiff's rights, including
> the dates and places of that involvement or conduct. If more than one
> claim is asserted, number each claim and write a short and plain
> statement of each claim in a separate paragraph. Attach additional
> pages if needed.

*See* http://www.mied.uscourts.gov/PDFFIles/ProSe1.pdf. Plaintiff's response

points the Court's attention to the first page of his pleadings, namely the statements

that "[t]he hearing officer selected by Fowlerville School District [*i.e.*, FCS] was

Richard E. Kroopnick, formerly of Thrun Law Firm" and that "[i]t is easy to see

that there is a conflict of interest regarding the selection of the hearing officer by

Fowlerville School District [*i.e.*, FCS][,]" (ECF No. 1, PageID.1; ECF No. 17,

PageID.979). (*See* ECF No. 10, PageID.24.)

Perhaps Plaintiff's only claim(s) is (are) denial of one or more of the "rights

granted . . . under Section 504[,]" such as those related to "equal opportunity" or

"an impartial due process hearing" (ECF No. 17, PageID.1034 ¶¶ 8, 10, 14.) Here,

Plaintiff should be required to remove any doubt about the scope of his claim(s) by

18

filing an amended pleading that clearly sets forth the basis or bases of his claim(s). Doing so is important for any Plaintiff, because any Defendant may move for dismissal when a Plaintiff "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For example, for the reasons discussed above (Section II.E.1), it is critical that Plaintiff make clear on whose behalf he is bringing the pleaded claims, as only then will the Court be able to determine whether it has subject matter jurisdiction over this lawsuit. Moreover, "[t]he goal of the complaint is to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bommarito v. Equifax Information Serv's*, 340 F.R.D. 566 (E.D. Mich. 2022) *(quoting Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544, 555 (2007)) (further internal citations omitted). Plaintiff's initial and amended "pleadings" fail to accomplish that goal.

### c. Relief

As for whether Plaintiff's filings satisfy Fed. R. Civ. P. 8(a)(3), the Court's form Complaint for a Civil Case gives the following explanation for Relief:

> State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*See* http://www.mied.uscourts.gov/PDFFIles/ProSe1.pdf.  Plaintiff's response again points the Court's attention to the first page of his pleadings, namely the statement that "[i]t is imperative that we be granted an unbiased and fair Judge to determine the proper and just outcome regarding this matter[,]" (ECF No. 1, PageID.1; ECF No. 17, PageID.979; ECF No. 10, PageID.25.)

Perhaps Plaintiff's only relief sought is "an impartial due process hearing" by an "impartial Hearing Officer . . . [,]" as indicated in the "Notification of Parent Rights."  (ECF No. 17, PageID.1034 ¶ 14.)  If so, then it would seem he is seeking relief that *only FCS can provide*.  According to the USDOE Office of Civil Rights (OCR):  "*Recipient school districts* are required to establish and implement procedural safeguards that include notice, an opportunity for parents to review relevant records, an impartial hearing with opportunity for participation by the student's parents or guardian, representation by counsel and a review procedure."[9]

Yet, it is ambiguous who is referenced by "we" (perhaps Plaintiff and J.C.) and whether "Judge" refers to a federal judicial officer or a 504 hearing officer.  Also, the response lists "now [New?] additional relief being sought[.]"  (*Id.*, PageID.26 ¶¶ 1-3.)  Therefore, Plaintiff should be required to remove any doubt about the relief he seeks by filing an amended pleading that includes a clearly

---

[9] *See* https://www2.ed.gov/about/offices/list/ocr/504faq.html#:~:text=To%20be%20
20protected%20under%20Section,as%20having%20such%20an%20impairment
(last visited June 22, 2023) (emphasis added).

labeled "demand for the relief sought[,]" Fed. R. Civ. P. 8(a)(3), including what

relief he seeks *from each Defendant*.

### d.   Exhibits

Looking beyond the 7-page initial and amended "pleadings," (ECF No. 1,

PageID.1-7; ECF No. 17, PageID.979-985), each continues with:

- <u>46 pages of duplicated transcripts</u> as "testimony that supports [his] claims[,]" – seemingly July 2022 hearing testimony from, *e.g.*, David Morehead [Fowlerville teacher], Tim Dowker [FCS Assistant Superintendent], Kassy Henderson, Rob Dorner [Fowlerville Schools evaluator], Bobby Sue Adams [Assistant Principal Kreeger Elementary], Matthew Lenzi [CMH Livingston County therapist], and Jason Miller [Kreeger Elementary School Principal] – <u>interspersed with commentary</u> – seemingly from Justin Clayton (*see* ECF No. 1, PageID.7-53; ECF No. 17, PageID.985-1031), all of which is followed by a concluding paragraph (*id*., PageID.53, 1031; *see also id*., PageID.1033, 1034; ECF No. 10, PageID.33-34, 87, 199-200, 447); and,

- <u>10 pages of attachments</u> (*id*., PageID.54-63; *id*., PageID.1032-1041).

If these are intended as "Exhibits" or "Attachments," they should be clearly labeled

as such and separated from any interspersed commentary.

### F.   Conclusion

In Defendant Kroopnick's motion to dismiss, his half page, single paragraph

argument attacks the conflict of interest allegation (ECF No. 9, PageID.18, 20),

and Plaintiff responds (ECF No. 10, PageID.25-26).  However, as discussed above,

it is unclear whether Justin Clayton is bringing any claims on his own behalf

(Section II.E.1.b), and it does not appear that he has standing to sue for

enforcement of Section 504 of the Rehabilitation Act on behalf of J.C., a minor

(Section II.E.1.c).  Also, as discussed in Sections II.E.1 and II.E.2 of this report, a

pleading must clearly identify the parties (Fed. R. Civ. P. 10(a)), as well as the

basis for jurisdiction (Rule 8(a)(1)), a statement of claim (Rule 8(a)(2)), and a

demand for the relief sought (Rule 8(a)(3)), and Plaintiff's initial and amended

"complaints'" compliance with these rules is dubious.

       With these points in mind, and to remove doubt about the scope of this case

(*i.e.*, to ensure this Court's clear understanding of the parties and claims before it,

as well as any defendant's adequate notice of the claims against him/her/it),  the

Court should:  **(1) DENY WITHOUT PREJUDICE** Defendant Richard

Kroopnick's motion to dismiss Plaintiff's complaint (ECF No. 9); and, **(2)** provide

a deadline by which Plaintiff must file a pleading that complies with the Federal

Rules of Civil Procedure, namely Fed. Rules Civ. P. 8 and 10, preferably one using

this Court's form "Complaint for a Civil Case," which is available via the Court's

website, if not a complaint following the form's format.[10]  In any amended

pleading filed by Clayton, he must: (1) clarify how old J.C. is at present, and

explain his *legal* relationship to J.C. (including specific details as to how and when

---

[10] *See* https://www.mied.uscourts.gov/index.cfm?pageFunction=formList (MIED
ProSe 1 (Rev 5/16).

he was granted that relationship); (2) comply with Fed. R. Civ. P. 5.2(a)(3) by using only initials in reference to J.C., without revealing J.C.'s full name; (3) not refile documents which already have the Court's case number, docket entries, and page identifiers at the top border (because they become blurred and impossible to distinguish upon rescanning), but instead file fresh copies which contain no prior court stampings; (4) specify and distinguish between claims he is making on his own behalf, if any, and those being made on behalf of J.C., with citation to the specific statutory sections under which each such claim is being made, if possible (*see* Section II.E.1); (5) comply with Fed. R. Civ. P. 10 ("Form of Pleadings") (*see* Section II.E.2); and, (6) comply with Fed. R. Civ. P. 8 ("General Rules of Pleading") (*see* Section II.E.3).

Finally, **a word of warning**. The Court can only go so far in the exercise of liberally construing Plaintiff's *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him . . . . [N]either may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009)

23

(Ludington, J., *adopting report and recommendation of* Binder, M.J.).

Furthermore, the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In the end, Plaintiff is "the master of his complaint," and thus, the Court looks to the pleadings to define his claims. *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005). Plaintiff is hereby informed that there is a Federal *Pro Se* Legal Assistance Clinic operated in the Theodore Levin U.S. Courthouse by the University of Detroit Mercy Law School. To determine if he is eligible for assistance, Plaintiff may contact the Federal *Pro Se* Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu. **Without such assistance, Plaintiff seriously risks dismissal of some or all of his or J.C.'s claims**.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 23, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE