UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN T. CLAYTON, on behalf of his minor son, J.C.,

    Plaintiffs,

v.

FOWLERVILLE COMMUNITY SCHOOLS,

    Defendant.
_____/

Case No. 2:22-cv-12156

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE ON NON-PARTY WITNESS (ECF No. 50)**

On September 12, 2022, Plaintiff Justin Clayton filed a complaint against Fowlerville Community Schools on behalf of his minor son, J.C. for intentional discrimination under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq*. ECF No. 1.

On May 9, 2025, Defendant moved for alternative service on non-party witness Jennifer (Clayton) Harrison, J.C.'s biological mother, on the basis that she is evading service of a deposition subpoena. ECF No. 50. In support, Defendant attached two affidavits outlining eight attempts at service, as well as the U.S. Postal Service's confirmation that Ms. Harrison's mailing address was correct. *Id*. at

PageID.1484, 1486, 1488. Because its attempts at service have been unsuccessful, Defendant seeks permission to perfect service upon Harrison in the following ways:

1. Physically posting a copy of the order granting this motion and the deposition subpoena on the front door of her last known address in Howell, MI.
2. Mailing the same via U.S. mail to the address.
3. Mailing the same via certified mail, return receipt requested, to the address.

*Id.* at PageID.1481.

Civil Rule 45 governs subpoenas, and it states that "serving a subpoena requires delivering a copy to the named person." FED. R. CIV. P. 45(b)(1). Some courts have held that this provision requires personal service, but others have held the opposite. *See Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753–54 (E.D. Mich. 2011) (collecting cases). In this district, there appears to be a majority consensus that Civil Rule 45 allows for service of a subpoena by alternate means. *Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (collecting cases). But the party seeking to serve a subpoena by alternate means must first "demonstrate an inability to effectuate [personal] service after a diligent effort," and the "alternate means must be reasonably calculated to achieve actual delivery." *Oceanfirst Bank*, 794 F. Supp. 2d at 754.

By detailing its eight personal-service attempts, Defendant has demonstrated that service cannot be made by personal service. ECF No. 50 at PageID.1478–80.

And Defendant's alternate-service proposals are likely to provide actual notice to Ms. Harrison, whose mailing address on file with the United States Postal Service is the address to be served. *Id.* at PageID.1478, 1484. Therefore, Defendant's motion will be granted.

### CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion for Alternate Service on Non-Party Witness, ECF No. 50, is **GRANTED**.

Further, it is **ORDERED** that Defendant may serve Jennifer Harrison by completing all of the following: (1) physically posting a copy of this order granting the motion and the deposition subpoena on the front door of her last known address of 4452 West Allen Rd, Howell, MI 48855; (2) mailing the same via U.S. mail to the same address; and (3) mailing the same via certified mail, return receipt requested, to the same address.

**This is not a final order and does not close the above-captioned case**.

/s/*Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 19, 2025