UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN T. CLAYTON, on behalf of his minor son, J.C.,

      Plaintiffs,

v.

FOWLERVILLE COMMUNITY SCHOOLS.

      Defendant.
_____/

Case No. 2:22-cv-12156

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING DEFENDANT'S THIRD MOTION TO COMPEL (ECF No. 59), DIRECTING PLAINTIFF TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS; WARNING PLAINTIFF THAT FAILURE TO COMPLY WITH FURTHER DISCOVERY ORDERS MAY RESULT IN SANCTIONS; AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 66)**

In June 2025, Defendant Fowlerville Community Schools filed two discovery motions to compel Plaintiff Justin T. Clayton's participation in discovery. *See* ECF Nos. 55; 56. In early July 2025, the Parties attended a status conference at which a timeline was agreed upon for Plaintiff to respond to Defendant's discovery requests. *See* ECF No. 58. It was further agreed upon at that status conference that the time for discovery would be extended only for Defendant since it hadn't received the information requested from Plaintiff. *See id.* at PageID.1518.

On July 16, 2025, Defendant informed this Court that although Plaintiff provided some discovery responses, he did not respond to all of Defendant's

discovery requests and thus had not fully complied with this Court's order. *See* ECF Nos. 59; 60. Accordingly, Defendant filed a motion seeking a 60-day extension of discovery for Defendant only, ECF No. 60, which this Court granted on July 30, 2025, ECF No. 62, and filed another motion to compel discovery, ECF No. 59.

This Court directed Plaintiff to respond to the motion to compel on or before July 30, 2025. ECF No. 61. After no response was filed, this Court again directed Plaintiff to respond to Defendant's motion, this time on or before August 8, 2025. ECF No. 65. Yet Plaintiff did not respond to Defendant's motion to compel discovery.

Instead, on August 8, 2025, Plaintiff filed a motion for reconsideration. ECF No. 66. In this motion, Plaintiff asked this Court to reconsider its July 30, 2025, Order which granted Defendant's motion to extend Defendant's discovery deadline, arguing that the extension should apply to Plaintiff as well, even though Plaintiff had not requested a discovery extension or suggested that Defendant had not complied with any discovery requests. Plaintiff's Counsel then explains that he "voluntarily sent $5,000 to Defendant's attorney to offset any expense" Defendant incurred in filing its discovery motions. *Id.* at PageID.1540. At the close of his motion, Plaintiff requested the following relief: (1) withdrawal of "the sanction foreclosing Plaintiff's discovery"; (2) an order "permit[ting] both parties to complete outstanding

discovery, including Plaintiff's August 4 requests"; and (3) an order treating counsel's $5,000 payment as an appropriate sanction." *Id.* at PageID.1542.

Counsel for Plaintiff and Defendant appeared before the Court on August 13, 2025, to discuss Defendant's third motion to compel discovery responses, Plaintiff's failure to respond, and Plaintiff's motion for reconsideration. ECF No. 67; *see also* ECF Nos. 59; 66. During this status conference, Plaintiff offered no explanation for why he had not responded to Defendant's discovery requests. And as to his motion for reconsideration, Plaintiff did not point to a mistake, intervening change in law, or new facts that would warrant reconsideration of this Court's July 30, 2025 order extending only Defendant's discovery deadline. *See* E.D. Mich. LR 7.1(h)(2) (noting that motions for reconsideration of nonfinal orders are disfavored and may only be granted if the moving party points to a mistake, intervening change in law, or new facts).

Instead, Plaintiff argued that his discovery deadline should be extended as well because he needed to obtain the minor child's medical records, education records, and responses to discovery requests Plaintiff's Counsel sent to Defendant on August 4, 2025. But Plaintiff's Counsel admitted he could obtain the minor child's medical records on his own. And Defense Counsel represented that all of the minor child's education records had already been shared with Plaintiff's Counsel. Finally, as to Plaintiff's August 4, 2025, discovery requests—sent minutes before

his discovery deadline expired—Defendant has not yet stated that it would not respond to those requests. Thus, it is premature for this Court to issue an order addressing that discovery request Plaintiff sent to Defendant.

In sum, for the reasons stated on the record at the August 13, 2025, status conference, Plaintiff's motion for reconsideration, ECF No. 66, will be denied and Defendant's third motion to compel discovery responses, ECF No. 59, will be granted.

Accordingly, it is **ORDERED** that:

1. Defendant's Third Motion to Compel Discovery Responses, ECF No. 59, is **GRANTED**;

2. Plaintiff is **DIRECTED** to respond to Defendant's Discovery Requests **on or before September 12, 2025**;

3. Plaintiff is **WARNED** that if he fails to comply with this or another discovery order, sanctions may follow; and

4. Plaintiff's Motion for Reconsideration, ECF No. 66, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 26, 2025