UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN T. CLAYTON, on behalf of his minor son, J.C.,

        Plaintiffs,

v.

FOWLERVILLE COMMUNITY SCHOOLS, et al.,

        Defendants.
_____/

Case No. 2:22-cv-12156

Honorable Susan K. DeClercq
United States District Judge

# ORDER GRANTING DEFENDANT'S FOURTH MOTION TO COMPEL DISCOVERY RESPONSES (ECF No. 73); GRANTING DEFENDANT'S THIRD MOTION FOR AN EXTENSION OF THE DISCOVERY PERIOD (ECF No. 74); AND IMPOSING SANCTIONS ON PLAINTIFF'S ATTORNEY

Over the last six months, Plaintiff Justin Clayton—through his attorney Jason Daniel Wine—has repeatedly failed to meaningfully engage in discovery with Defendant Fowlerville Community Schools. Most recently, Plaintiff was ordered to respond to all of Defendant's outstanding discovery requests by September 12, 2025. But Plaintiff did not do so.

Accordingly, now before this Court is Defendant's *fourth* motion to compel Plaintiff to provide discovery responses, ECF No. 73, and Defendant's *third* motion to extend the discovery period due to Plaintiff's production delays, ECF No. 74.

Notably, Plaintiff has not responded to Defendant's motion to compel, even though he was granted extra time to do so. *See* ECF No. 77.

Given Plaintiff's continued failure to comply with Orders of this Court, as well as his blatant disregard for the Rules of Civil Procedure, Defendant's motions will be granted. Plaintiff will be ordered to respond fully to all outstanding discovery requests by November 8, 2025, and the discovery period will be extended to December 10, 2025, only for Defendant. In addition, Plaintiff's attorney will be ordered to pay the costs and fees associated with Defendant bringing all four motions to compel.

Lest this decision appear drastic, it is better understood by looking back on the collective events leading to this point.

I.

This case was filed by Plaintiff Justin Clayton on September 12, 2022.[1] Initially, Plaintiff was unrepresented, but on June 23, 2023, Attorney Jason Daniel Wine appeared on behalf of Plaintiff. ECF No 21. Following the denial of Defendant's motion to dismiss at the end of 2024, the parties submitted a joint discovery plan, ECF No. 44, and this Court entered a scheduling order that adopted their proposed discovery deadline of May 30, 2025, ECF No. 46.

---

[1] A subsequent case filed by Plaintiff was consolidated into this case in August 2023. *See Clayton v. Fowlerville School District, et al*, Case No. 22-12325 (E.D. Mich). All references are to the instant case.

On January 17, 2025, Defendant served Plaintiff with written discovery requests that included several medical release authorizations to be signed by Plaintiff to permit the release of his minor son's medical records. *Id*. But by April 30, 2025—one month before the close of discovery—Plaintiff had still not signed one of the medical releases, and the other three had only been signed on April 29. ECF No. 49 at PageID.1474–75. This was so despite defense counsel's numerous reminders to Plaintiff about the medical releases. *Id.* Under these circumstances, Defendant filed an unopposed motion to extend the fact discovery period to August 4, 2025, *id.*, which this Court granted, ECF No. 50.

On June 5, 2025, Defendant filed a motion to compel Plaintiff to respond to discovery requests that had been pending since January 17 and February 27, 2025, and sought costs and fees associated with bringing the motion. ECF No. 55. According to Defendant, despite sending multiple email reminders and requests to meet and confer, Plaintiff's counsel failed to respond in any way. *Id*. at PageID.1499–1500. Plaintiff's counsel did not respond to the motion.

So on June 23, 2025, Defendant filed a second motion to compel Plaintiff to respond not only to the first two sets of discovery requests, but also to a third set that Defendant served on May 9, 2025. ECF No. 56. Defendant also requested an award of costs and fees for having to bring another motion to compel. *Id.* Again, despite defense counsel sending emails and requests to meet and confer, Plaintiff's counsel

did not respond in any way. *Id*. And again, Plaintiff's counsel did not respond to the motion.

This Court held a status conference on both motions to compel on July 7, 2025. At the conference, Plaintiff's counsel admitted that he still had not fully responded to Defendant's discovery requests and that the failure to respond was counsel's fault, not his client's. *See* ECF No. 70 at PageID.1570–71 (Mr. Wine: "I haven't been responding to them. It's my fault." . . . The Court: "Does your client understand how dilatory you've been? Mr. Wine: "Yeah, I believe so.") The Court also informed Plaintiff's counsel that discovery would only be extended for Defendant because the need for an extension was due solely to Plaintiff's counsel's delay. *Id*. at PageID.1576.

This Court granted both of Defendant's motions to compel and directed Plaintiff to comply in part by July 7 and in part by July 11, 2025. *Id*. at PageID.1578; ECF No. 58. Due to representations made by Plaintiff's counsel regarding the imminent production of discovery, this Court declined to impose monetary sanctions, even though Plaintiff's counsel indicated that he would not object to an award of costs and fees. ECF No. 70 at PageID.1579. This Court warned Plaintiff's counsel, though, that if he didn't cooperate with discovery going forward, this Court would award Defendant costs and fees for both motions. *Id*.; *see also* ECF No. 58.

On July 16, 2025, Defendant filed a third motion to compel, asserting that Plaintiff failed to meet the July 11 deadline required by this Court's Order. ECF No. 59. Defense counsel allowed Plaintiff an extension to July 15, 2025, but Plaintiff did not meet that either. *Id*. Defendant again requested costs and fees for the two prior motions, as well as this third one. *Id*. Due to this delay, Defendants also moved to extend the time for discovery only for itself. ECF No. 60. Plaintiff did not respond to Defendant's third motion to compel, despite the Court twice directing him to do so. ECF Nos. 61; 65.

Instead, Plaintiff filed a motion for reconsideration of this Court's Order on the first two motions to compel, nearly a month after it was entered, requesting that the Order be modified to extend discovery for Plaintiff—not just Defendant. ECF No 66. The motion argued, without providing any facts or details, that it unfairly prejudiced Plaintiff's ability to litigate his claims and constituted an inappropriate sanction on Plaintiff for the sins of his attorney. *Id*. Plaintiff stated that despite costs and attorney fees not being awarded to Defendant, Plaintiff's counsel had "voluntarily sent $5,000 to Defendant's firm to offset any expense," *id*. at PageID.1540, and compensate Defense Counsel for Plaintiff's counsel's (in)actions.

On August 19, 2025, counsel for the parties appeared before this Court regarding Defendant's third motion to compel, Plaintiff's failure to respond to discovery requests, and Plaintiff's motion for reconsideration. At the conference,

Plaintiff's attorney offered no explanation for why he still had not fully responded to Defendant's discovery requests. Instead, he simply argued that it was "not fair" for discovery to not be extended for Plaintiff. *See* ECF No 71 at PageID.1607 (Mr. Wine: "Yeah. I would seek fairness"). However, when pressed about what information he needed to obtain *from Defendant* through the discovery process that he could not obtain elsewhere, Plaintiff's counsel was unable to articulate a single item. This Court, therefore, granted Defendant's third motion to compel, denied Plaintiff's motion for reconsideration, and once again warned plaintiff that if he failed to comply with that or any other discovery order, sanctions may follow. ECF No. 69. Plaintiff was ordered to respond to Defendant's discovery requests "on or before September 12, 2025." *Id*.

II.

This now brings us to Defendant's instant motions, which were filed on September 30, 2025. *See* ECF Nos. 73; 74. According to Defendant, "[t]he September 12, 2025, deadline came and went without Plaintiff producing full and complete discovery responses." ECF No. 73 at PageID.1685. Defendant acknowledges that Plaintiff finally provided interrogatory responses, but contends that they were so vague and lacking in specificity that they failed to identify "specific instances of discrimination Plaintiff relies on, what witnesses have knowledge of those instances, and what damages he is seeking…" *Id*. Moreover, Defendant argues

that Plaintiff "remains dismissive of his obligation to fully and completely respond to discovery." *Id.* at PageID.1686. Defense counsel presented a voicemail he received from Mr. Wine, left on September 22, 2025, stating, "And the discovery, I will, ya know, whatever, I'm still on that. But um, I'll get it to you soon." ECF No.73-2.

Defendant further argues that because of Plaintiff's continued delays, Defendant needs the time for discovery to be extended yet again. ECF No. 74. Curiously, Plaintiff filed a response indicating that he concurred in Defendant's request for more time, so apparently this motion is unopposed. ECF No. 79.

As previously mentioned, Plaintiff did not respond to Defendant's motion to compel, despite requesting and being granted, additional time to do so. *See* ECF No. 77. This pattern of neglectful attorney conduct, as well as Mr. Wine's own statements to the Court, signify that blame for most, if not all, of Plaintiff's discovery failings lies with Mr. Wine, as opposed to his client. Indeed, Mr. Wine's continued and blatant disregard for this Court's numerous orders and the Federal Rules of Civil Procedure generally, evidences bad faith. This Court has provided ample time for Plaintiff to comply with his discovery obligations, as well as ample warning about the consequences of failing to do so. Accordingly, it is time that this Court impose a sanction for this behavior. FED. R. CIV. P. 37(a)(5); (b)(2)(C). So Defendant's request for costs and fees, not just for this motion to compel, but for the three prior

motions to compel that Defendant was forced to file as well, will be granted. And because it appears that the fault lies principally with Mr. Wine and not his client, this monetary sanction will be imposed on Mr. Wine personally; this cost is not to be passed on to Mr. Clayton.

III.

Accordingly, it is **ORDERED** that Defendant's Motion to Compel, ECF No. 73, is **GRANTED**. To that end, Plaintiff must provide full and complete answers to all of Defendant's outstanding discovery requests by **November 8, 2025**.

Further, it is **ORDERED** that Defendant's Third Motion to Adjourn Discovery Period, ECF No. 74, is **GRANTED**. To that end, the discovery deadline will be extended for Defendant only to **December 10, 2025**.

Further, it is **ORDERED** that as a sanction, Jason Daniel Wine shall pay all costs and fees associated with Defendant's four motions to compel (ECF Nos. 55, 56, 59, 73).

                                      /s/Susan K. DeClercq
                                      SUSAN K. DeCLERCQ
                                      United States District Judge

Dated: October 31, 2025