UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN T. CLAYTON, on behalf of his minor
son, J.C.,

            Plaintiffs,                        Case No. 2:22-cv-12156

v.                                       Honorable Susan K. DeClercq
                                         United States District Judge

FOWLERVILLE COMMUNITY SCHOOLS,
et al.,

            Defendants.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE
ORDER (ECF No. 72)**

In the approximately three years since this case has been pending, Plaintiff
Justin Clayton—who is represented by counsel—did not properly propound a single
discovery request to Defendant Fowlerville Community Schools under the Federal
Rules of Civil Procedure.[1] Discovery for Plaintiff is now closed. So, facing the
possibility of having to litigate Plaintiff's claims without the full extent of
information that could have been demanded from Defendant during the discovery
process, Plaintiff's attorney is now attempting to obtain information from Defendant

---

[1] Plaintiff's counsel's literal last-minute discovery request—sent one minute before
the discovery deadline in August 2025—was clearly untimely. *See Foreman v.
United States*, 2023 WL 5835195 (E.D. Mich. July 20, 2023) ("It is well established
that discovery requests must be made with enough time for responses, which must
be made within 30 days of the requests, to be sent before the close of discovery.")

by having Plaintiff (and others) submit requests through the Freedom of Information Act (FOIA) and the Family Educational Rights and Privacy Act (FERPA). *See* ECF No. 72-2; 72-3.

Defendant has moved for a protective order, arguing that Plaintiff squandered his ample opportunities to conduct discovery on his claims in this case and may not now use other state and federal laws to "make an end-run around" Plaintiff's current discovery constraints. *See* ECF No.72 at PageID.1622. Plaintiff has not responded to this motion, despite being given extra time to do so. *See* ECF No. 77.

Although this Court is certainly sympathetic to the concerns of Defendant, this Court is not convinced that the mere existence of civil litigation necessarily means that parties (or third parties) are prohibited from availing themselves of other statutes.  Accordingly, the motion for protective order will be denied.

As Defendant points out, the issue of whether a party can use FERPA to obtain information about a student after discovery in the case is closed, appears to be an issue of first impression in this District, Circuit, and other Circuits. Indeed, this Court also could not find any case squarely on this issue.

Courts have certainly held that FERPA does not "prevent *discovery*" of school records under the Federal Rules of Civil Procedures. *Zimmerman v. Labish*, 2025 WL 2213242 (E.D. Mich. Aug. 4, 2025) (citing *Briggs v. Bd. of Trs. Columbus State Cmty. Coll.*, No. 2:08-CV-644, 2009 WL 2047899, at *4 (S.D. Ohio July 8, 2009);

*Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004)) (emphasis in original); *see also, Doe v. Yale University*, 564 F.Supp.3d 11, 20 (D. Conn. 2021) (FERPA "was not intended to abrogate the rules of discovery in civil litigation, nor does it have that preclusive effect.") And states' FOIA statutes themselves may provide an exception to production where there is a pending civil case. *See e.g.*, Mich. Comp. Laws § 15.243(1)(v) (exempting from disclosure as a public record "records or information relating to a civil action in which the requesting party and the public body are parties.") But there does not appear to be any authority for the position that simply because there is a pending civil action, that means the parties are *precluded* from submitting requests under FOIA or FERPA. Similarly, although the Civil Rules provide trial courts with broad discretion in managing the cases before them—including limiting discovery—there does not appear to be any authority that allows a trial court to *prohibit* litigants (or third parties) from independently exercising rights granted to them through other statutes.

Viewing a litigant's obligations under the Civil rules separate and distinct from their rights under FERPA or FOIA is also consistent with the differing scope of information that can be obtained through each of these procedures. Indeed, the limitation on disclosure contained in these statutes appear to be much narrower than the expansive scope of federal civil discovery, which likely is why most of the cases this Court found on the issue focus on whether the statutes may limit civil discovery

- 3 -

requests. This also suggests that it is unlikely in a typical case, where parties are attempting to obtain as much information as possible, that a civil litigant would choose to employ the statutory procedures instead of the federal discovery process. Not to mention that many of the statutory procedures also involve a search or copying fee that would not be part of a typical discovery requests. *See, e.g.*, Mich. Comp. Laws §15.234.

And from a practical standpoint, it seems that such a practice would occur only in unusual situations, such as here, where a litigant has trifled away all other opportunity to obtain information from a school district litigant, that such measures would need to be employed.

In sum, because Defendant has not pointed to any authority which authorizes this Court to prohibit Plaintiff (or third parties) from independently utilizing the FOIA and FERPA procedures to obtain information, Defendant's motion will be denied. To be sure, this Court agrees with Defendant that Plaintiff's attorney is likely trying to creatively work around the discovery jam he has created for himself in this case. But absent any authority prohibiting him from using such procedures to obtain information, this Court will not prohibit him from doing so. Therefore, a protective order will not issue.

Accordingly, it is **ORDERED** that Defendant's Motion for a Protective Order, ECF No. 72, is **DENIED**.

_/s/Susan K. DeClercq_
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 6, 2025