UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN T. CLAYTON, on behalf of his minor son, J.C.,

Plaintiffs,

Case No. 2:22-cv-12156

v.

Honorable Susan K. DeClercq
United States District Judge

FOWLERVILLE COMMUNITY SCHOOLS,

Defendant.
_______________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S RENEWED MOTION TO DISMISS (ECF No. 96) AND DISMISSING CASE WITH PREJUDICE**

Plaintiff Justin Clayton—through his attorney Jason Daniel Wine—has repeatedly failed to meaningfully engage in discovery with Defendant. This is true despite multiple discovery extensions, court orders compelling Plaintiff to provide discovery material to Defendant, and even sanctions imposed on Plaintiff's counsel. So—for the second time—Defendant has filed a motion to dismiss Plaintiff's complaint under Civil Rules 37(b)(2)(A) and 41(b). As explained below, given Plaintiff's pattern of failing to satisfy discovery obligations and failing to comply with Court orders, this Court will grant Defendant's motion and dismiss Plaintiff's case with prejudice.

## I. BACKGROUND

Before addressing the merits of Defendant's motion to dismiss, a recitation of the relevant procedural history of this case is useful to understand the context and pattern of Plaintiff's failure to satisfy discovery obligations and obey court orders.

### A. September 2022 to October 2023

In September 2022, Plaintiff Justin Clayton filed a *pro se* complaint against Defendants Fowlerville School District and Richard E. Kroopnick. *See* ECF No. 1 at PageID.1. After several procedural delays not relevant to this Opinion, Clayton filed a second amended complaint on September 12, 2023—this time through Attorney Jason Daniel Wine. ECF No. 27. Less than four weeks later, Clayton—again through his attorney—filed a third amended complaint. ECF No. 29. Clayton's third amended complaint alleged the following claims:

| Count | Allegation |
|---|---|
| I | Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 |
| II | Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* |
| III | Violation of Michigan's Persons with Disabilities Civil Rights Act, MICH. COMP. LAWS § 37.1101 *et seq.* |

*Id.* Importantly, Clayton's third amended complaint named only Fowlerville Community Schools ("Fowlerville") as a Defendant. *Id.*

### B. October 2023 to December 2024

In late October 2023, Fowlerville moved to dismiss Clayton's two federal claims, and requested the Court decline to exercise supplemental jurisdiction over

Clayton's state-law claim. ECF No. 30. The motion was fully briefed by January 2024, *see* ECF No. 36, but before it was decided, the case was reassigned to the undersigned on April 2, 2024. On September 30, 2024, this Court denied Fowlerville's motion to dismiss. ECF No. 39.

On December 16, 2024, the Parties attended a scheduling conference with this Court. *See* ECF No. 40. That same day, this Court issued a scheduling order that established—among other deadlines—a fact-discovery cutoff date of May 30, 2025. ECF No. 46 at PageID.1469.

**C. December 2024 to August 2025**

Four months later, on April 30, 2025, the Parties filed a joint stipulated motion to extend the discovery cutoff to August 4, 2025. ECF No. 49. In the stipulated motion, the parties explained that they needed more time to complete discovery because there had been significant delays in obtaining signed medical release authorizations from Clayton's counsel. *Id.* at PageID.1474–75. Because of these delays, Fowlerville had only just received some medical records and was still waiting for the rest. *Id.* The parties agreed that depositions of Clayton and his minor son could not "be conducted until the complete medical records for all disclosed providers [were] received and reviewed," so a two-month discovery extension was necessary. *Id.* at PageID.1475. This Court granted the extension, making the new fact discovery cutoff date August 4, 2025.

In June 2025, however, Fowlerville filed two motions to compel Clayton to produce discovery. ECF Nos. 55; 56. Specifically, Fowlerville sought responses to interrogatories and other requests it served on Clayton's counsel in January 2025, ECF No. 55, as well as responses to a narrow discovery request it sent Clayton's counsel in May 2025, ECF No. 56.

On July 7, 2025, the Parties attended an on-the-record status conference regarding Fowlerville's motions to compel. *See* ECF Nos. 57; 70. At this status conference, this Court asked Attorney Wine why some of Fowlerville's discovery requests that had been pending since early 2025 remained unanswered. ECF No. 70 at PageID.1570. Attorney Wine said it was because he "ha[d]n't been responding to them" and noted it was his "fault." *Id.* Ultimately, Attorney Wine agreed to provide Fowlerville's attorney with five sets of medical records immediately and to provide written, signed answers to interrogatories and discovery requests—including signed medical release authorizations—by July 11, 2025. *Id.* at PageID.1577. This Court told Attorney Wine that it would not impose costs and fees upon him so long as he abided by the agreed-upon production schedule and "continue[d] to engage in a good faith in a timely manner with all the rest of discovery," but warned that a failure to cooperate may result in sanctions. *Id.* at PageID.1578–79. The Parties' agreement was memorialized in a stipulated proposed order, docketed on July 14, 2025. ECF No. 58. That order also warned Clayton and his counsel that "any further delays

in responding to discovery requests may result in sanctions, including attorney's fees and costs for these motions as well as any future motions to compel to be paid by plaintiff's counsel." *Id.* at PageID.1518.

Two days later, Fowlerville filed a motion to extend the discovery cutoff by 60 days. ECF No. 60. This Court granted Fowlerville's motion and extended the discovery deadline until October 10, 2025 for Defendant only, specifying that "[o]nly Defendant will be able to propound new discovery requests beyond the current discovery deadline of August 4, 2025" and that "Plaintiff is still obligated to respond to Defendant's discovery requests." ECF No. 62 at PageID.1533.

The same day it filed the motion for discovery extension, Fowlerville filed a third motion to compel discovery responses, noting that although Attorney Wine partially complied with the July 7 and July 11 deadlines, he "**did not** serve signed answers to Fowlerville's Second Discovery or produce any requested documents by July 11 as required by the Court's Order." ECF No. 59 at PageID.1520 (emphasis in original). Instead, Attorney Wine "stated [he] needed more time despite agreeing in court to the July 11 deadline." *Id.* This Court directed Clayton to respond to the motion to compel by July 30, 2025. ECF No. 61. No response was timely filed. On August 6, 2025, this Court *again* directed Attorney Wine to respond to the motion, this time by August 8, 2025. ECF No. 65.

Instead of filing a response as directed, Attorney Wine filed a motion for

reconsideration. ECF No. 66. In this motion, Clayton asked this Court to reconsider the July 30, 2025, order that granted Fowlerville's motion to extend its discovery deadline, arguing that the extension should apply to Clayton as well—even though Clayton had not requested a discovery extension or suggested that Fowlerville had not complied with any discovery requests. *See generally id.* Attorney Wine then explained that he "voluntarily sent $5,000 to Defendant's firm to offset any expense" Fowlerville incurred in filing its discovery motions. *Id.* at PageID.1540. Ultimately, Clayton requested the following relief: (1) withdrawal of "the sanction foreclosing [Clayton]'s discovery;" (2) an order "[p]ermit[ting] both parties to complete outstanding discovery;" and (3) an order treating "counsel's $5,000 payment as an appropriate sanction." *Id.* at PageID.1542.

Accepting that apparently Attorney Wine would not be complying with this Court's orders to respond to Fowlerville's motion to compel, this Court directed the Parties to appear for an on-the-record status conference on August 19, 2025. ECF No. 67.

At the start of that status conference, Attorney Wine stated that he sent his first set of discovery requests to Fowlerville on August 4, 2025—the day before the close of fact discovery for Clayton. *See* ECF No. 71 at PageID.1583. Attorney Wine then told this court to "sanction [him] some more" for his failure to follow the Civil Rules and engage in discovery according to the Court's schedule, stressing that he

should be penalized before his client. *Id.* at PageID.1593–94. Following the status conference, this Court issued an order granting Fowlerville's third motion to compel; directing Clayton to respond to Fowlerville's discovery requests on or before September 12, 2025; warning Clayton—for the second time—"that if he fails to obey this or another discovery order, sanctions may follow;" and denying Clayton's motion for reconsideration. ECF No. 69 at PageID.1566.

**D. September 2025 to December 2025**

On September 30, 2025, Fowlerville filed four motions: (1) a motion for a protective order, ECF No. 72; (2) a motion to compel, ECF No. 73; (3) a motion to extend discovery for the third time, ECF No. 74; and (4) a motion seeking a court order directing the Michigan Department of Health and Human Services ("MDHHS") to release child protective services ("CPS") records, ECF No. 75.

On October 16, 2025—two days after Clayton's deadline to respond to the motions—Clayton filed an "emergency motion for a brief extension of time" to file responses to all four of Fowlerville's discovery motions. ECF No. 76 at PageID.1721. Specifically, Attorney Wine sought to extend the response deadline to October 20, 2025, because he "los[t] nearly half the standard response period to immovable religious observances." *Id.* at PageID.1725. This Court granted Clayton's request for a brief extension. ECF No. 77.

Although Clayton requested an extension to respond to all four discovery

motions, he only filed responses to two of Fowlerville's motions—and those responses stated that he did not object to the relief Fowlerville requested. *See* ECF Nos. 78 at PageID.1731; 79 at PageID.1736. So, this Court granted Fowlerville's motion for a court order directing MDHHS to release CPS records, ECF No. 75, and Fowlerville's motion extend the discovery cutoff for Fowlerville until December 10, 2025, ECF No. 74. *See* ECF Nos. 81; 82.

As to Fowlerville's motion to compel, ECF No. 73, Fowlerville reported that "[t]he September 12, 2025, deadline came and went without Plaintiff producing full and complete discovery responses," *id.* at PageID.1685. Fowlerville noted that although Clayton provided some interrogatory responses, the responses were so vague and unspecific that they failed to identify the "specific instances of discrimination [Clayton] relies on, what witnesses have knowledge of those instances, and what damages [Clayton] is seeking." *Id.* at PageID.1686. Accordingly, Fowlerville sought an order compelling Clayton to respond fully to all outstanding discovery requests and sought the imposition of costs and fees for his failure to comply with the Court's prior discovery orders. *Id.* at PageID.1687. As noted above, Clayton did not respond to this motion.

On October 31, 2025, this Court granted Fowlerville's motion to compel and directed Clayton to "provide full and complete answers to all of [Fowlerville's] outstanding discovery requests by **November 8, 2025**." ECF No. 82 at PageID.1752

(emphasis in original). In that same order, this Court also imposed monetary sanctions on Attorney Wine as follows:

> This pattern of neglectful attorney conduct, as well as Mr. Wine's own statements to this Court, signify that blame for most, if not all, of [Clayton]'s discovery failings lies with Mr. Wine, as opposed to his client. Indeed, Mr. Wine's continued and blatant disregard for this Court's numerous orders and the Federal Rules of Civil Procedure generally, evidences bad faith. This Court has provided ample time for [Clayton] to comply with his discovery obligations, as well as ample warning about the consequences of failing to do so. Accordingly, it is time that this Court impose a sanction for this behavior. FED. R. CIV. P. 37(a)(5); (b)(2)(C). So [Fowlerville]'s request for costs and fees, not just for this motion to compel, but for the three prior motions to compel that [Fowlerville] was forced to file as well, will be granted. And because it appears that the fault lies principally with Mr. Wine and not his client, this monetary sanction will be imposed on Mr. Wine personally; this cost is not to be passed on to Mr. Clayton.

ECF No. 82 at PageID.1751–52.

As to Fowlerville's motion for a protective order, Fowlerville sought a protective order precluding Clayton from using the Freedom of Information Act ("FOIA") and the Family Educational Rights and Privacy Act ("FERPA") to obtain any records from Fowlerville. ECF No. 72. This Court noted that it appeared that Clayton was attempting to utilize FOIA and FERPA procedures to gain access to documents he should have obtained during the discovery process but did not because Attorney Wine "did not properly propound a single discovery request to" Fowlerville during the time for discovery. ECF No. 85 at PageID.1763. But this Court denied Fowlerville's motion because Fowlerville could not point to any

authority authorizing a court to prohibit a plaintiff or third parties "from independently utilizing the FOIA and FERPA procedures to obtain information" from a defendant. *Id.* at PageID.1766.

On November 5, 2025, Fowlerville filed yet another discovery motion, this time seeking an order compelling Clayton to provide Fowlerville's Counsel with deposition dates for Clayton and his minor son. ECF No. 83. Fowlerville explained that its counsel had reached out to Attorney Wine three times in late October to schedule these depositions, but Attorney Wine did not respond to those scheduling inquiries.[1] *Id.* at PageID.1754.

The next day, this Court granted Fowlerville's motion and directed Clayton to provide Fowlerville with five dates between November 12 and December 9, 2025, on which Clayton and his minor son were available to be deposed. ECF No. 84 at PageID.1762. This Court ordered Clayton to provide those five deposition dates to Fowlerville on or before November 10, 2025. *Id.*

On November 12, 2025, Fowlerville notified this Court that Attorney Wine failed to provide Fowlerville with Clayton's and his minor son's deposition availability. ECF No. 86 at PageID.1769. Fowlerville moved to dismiss Clayton's

---

[1] Although Attorney Wine did not respond to these deposition scheduling inquiries, he did—during this same period—prepare a "draft emergency motion" which he attempted to preliminarily file with this Court via e-mail to the undersigned's case manager on October 31, 2025. *See* ECF No. 83-2 at PageID.1760. Attorney Wine never filed any version of the "draft emergency motion" on the docket. *Id.*

case "for continuing intentional disregard for discovery deadlines and this Court's Orders." *Id.* at PageID.1768.

On December 3, 2025, Clayton timely responded to Fowlerville's motion to dismiss. ECF No. 88. In this response, Attorney Wine "accept[ed] and acknowledge[d]" Fowlerville's characterizations of his representation of Clayton as dilatory, unacceptable, lacking diligence, and failing to comply with court orders and discovery obligations. *Id.* at PageID.1781. Yet in the very next paragraph of his response, Attorney Wine asserted he "has complied with every direct order" from this Court after it was accompanied with a warning. *Id.* at PageID.1781; *see also id*. at PageID.1783 (acknowledging that "the Court did issue clear warnings [that noncompliance could lead to dismissal" in July and August). Fowlerville filed a reply brief pointing out that many of the statements in Clayton's response brief were "erroneous and demonstrate[] bad faith and willfulness given the undisputed failures present in the record of this case." ECF No. 89 at PageID.1788.

**E. January 2026 to June 2026**

On May 7, 2026, this Court held a virtual status conference and directed that Clayton himself—in addition to Attorney Wine—must appear. *See* ECF No. 90. During that status conference,[2] this Court addressed three issues with the parties.

---

[2] At the beginning of the conference, Attorney Wine noted that there were "issues that ha[d] come up" and he wanted "the Court's guidance in how . . . to go about, you know, filing[.] I believe there have been . . . representations on the record and

First, this Court explained that it would "not . . . dismiss [Clayton's] case right now the basis of [Clayton's] attorney's failure to comply with discovery," ECF No. 93 at PageID.1826, especially because this Court had not yet specifically warned Clayton or Attorney Wine that continued failure to comply with discovery obligations and court orders could result in dismissal, *see id.* at PageID.1824. But this Court stressed—to both Clayton and Attorney Wine—that any additional failures to comply with discovery obligations or obey court orders would result in dismissal. *Id.* at PageID.1826–27. Second, this Court authorized a limited discovery period of four weeks, during which both Parties would be required to engage in limited, specific discovery. *See id.* at PageID.1826–29. Third, this Court verified that Clayton was aware of what was going on with his case, Attorney's Wine's repeated failures,

---

there have been developments since the filing of [Fowlerville's motion to dismiss]. And there's been issues obtaining records through FERPA and FOIA and just in general up to initial disclosures, and I'd like to bring those to the attention of the Court, fully brief it." ECF No. 93 at PageID.1812–13. After Attorney Wine explained his concerns in more detail, this Court understood Attorney Wine was raising complaints about Fowlerville's lack of response to his FERPA and FOIA requests, and this Court explained that it "ha[d] no jurisdiction over that" issue. *Id.* at PageID.1816. Indeed, the only reason Attorney Wine had to rely on obtaining information through FERPA and FOIA requests was because, despite "ample time during discovery" to request records, he made no such requests, so he had no records. *Id.* at PageID.1817. As to other concerns Attorney Wine alluded to during this status conference, this Court advised that Attorney Wine could "submit a motion on the docket and [the Court] will deal with it in due course." *Id.* at PageID.1828. But to date, Attorney Wine has not filed any motions challenging discovery materials it received (or did not receive) from Fowlerville.

and the consequences of any more failures by Attorney Wine. *See id.* at PageID.1829–30.

The next day, this Court issued an order denying Fowlerville's motion to dismiss, ECF No. 86, without prejudice, and directing the parties to complete limited discovery by June 8, 2026, ECF No. 92. Specifically, this Court directed that the Parties complete the following discovery:

1. Plaintiff and his minor son must appear for deposition as noticed by Defendant;

2. Both parties must supplement their initial disclosures as required by FED. R. CIV. P. 26(e); and

3. Plaintiff must produce full and complete answers to any of Defendant's discovery requests that remain outstanding.

*Id.* at PageID.1808–09. This Court also warned Clayton "that failure to comply with the discovery obligations and deadlines set forth in this Order **will result in dismissal of his case** under Civil Rules 37(b)(2)(A) and 41(b)." *Id.* at PageID.1809 (emphasis in original).

Four days before the June 8 deadline, Fowlerville filed a motion to extend only the deadline to depose Clayton and his minor child because although the Parties scheduled the depositions, Attorney Wine was unable to attend the depositions due to a friend's death. ECF No. 94. This Court granted the order but noted that "the other deadlines set in this Court May 8, 2026 order, ECF No. 92, remain unchanged." ECF No. 95 at PageID.1840.

On June 9, 2026, Fowlerville filed a renewed motion to dismiss the case under Civil Rules 16(f), 37(b)(2), 37(c)(1), and 41(b) "for continuing intentional disregard for discovery deadlines and this Court's Orders." ECF No. 96 at PageID.1842. This Court issued an order directing Clayton to file an expedited response to Fowlerville's motion by June 18, 2026. ECF No. 97. Clayton did not timely respond.[3] Fowlerville filed a reply noting that instead of responding to the motion to dismiss as ordered, Attorney Wine filed five requests for documents (under FERPA, FOIA, and Michigan law), all dated between June 19 and June 22, 2026. ECF No. 98 at PageID.1866. Attorney Wine later stated on the record that he "intentional[ly]" chose not to file a response to Fowlerville's pending motion to dismiss, and that he believed that choice was "in [Clayton]'s best interest." ECF No. 101 at PageID.1937.

While the motion was pending, Clayton reached out to this Court and indicated that he intended to terminate his relationship with Attorney Wine. *See* ECF No. 101 at PageID.1928. This Court directed Clayton, Attorney Wine, and Fowlerville's counsel to appear for a status conference on July 8, 2026, to address this request. *Id.*; ECF No. 99.

At the status conference, Attorney Wine explained that he and Clayton had discussed termination of their attorney-client relationship, but that there was "no

[3] On June 22, 2026, Attorney Wine e-mailed the undersigned's case manager explaining that he "mis-calendared the response deadline" but that he would file a response "today." *See* ECF No. 98-2. No such response was ever filed.

counsel lined up to replace [Attorney Wine].” ECF No. 101 at PageID.1298. This Court reiterated to Clayton that because he was bringing claims on behalf of his minor son, he could not proceed without the assistance of counsel. *See id.* at PageID.1932. However, this Court explained that it would provide “a reasonable amount of time” for Clayton to decide if he wished to terminate the relationship with Attorney Wine and if so, to secure new counsel. *Id.* at PageID.1932–34. This Court entered an order directing Clayton to notify the Court on or before July 15, 2026, whether he intended to proceed with Attorney Wine or secure new counsel. ECF No. 100. On July 15, 2026, Clayton sought a one-week extension, which this Court granted. ECF No. 102.

On July 30, 2026, Clayton indicated to the Court that he wished to continue with Attorney Wine as counsel, but only for a period of 30 days while he sought new counsel. ECF No. 103 at PageID.1950. The Court granted that request, ordering Clayton’s “replacement counsel, if any, [to] file an appearance no later than **August 31, 2026.**” ECF No. 104 at PageID.1958. The deadline was firm: “[n]o extensions of this deadline will be granted.” *Id.* As of September 2, 2026, no counsel has appeared on Clayton’s behalf.

## II. LEGAL STANDARD

Under Civil Rule 37(b)(2), if a party “fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . dismiss[] the

action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Similarly, Civil Rule 41(b) authorizes district courts to dismiss a case where the plaintiff fails to prosecute their case or to comply with court orders. FED. R. CIV. P. 41(b).

"Under both [Civil Rule] 37(b) and [Civil Rule] 41(b), the test to determine whether dismissal is warranted is the same." *Johnson v. Pub. Serv. Credit Union*, No. 4:25-cv-11123, 2025 WL 2538842, at *1 (E.D. Mich. Aug. 11, 2025), *report and recommendation adopted*, 2025 WL 2533987 (E.D. Mich. Sept. 3, 2025). Courts consider: (1) whether "the failure to cooperate or prosecute [was] due to willfulness, bad faith, or fault; (2) [whether] the adversary [was] prejudiced by the party's conduct; (3) [whether] the party [was] warned that failure to cooperate or prosecute could lead to dismissal; and (4) the existence and appropriateness of less drastic sanctions." *Id.* (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995), and *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008)).

**III. DISCUSSION**

Fowlerville argues that dismissal is warranted under Civil Rule 37(b)(2)(A) and 41(b) because Clayton has "demonstrated a pattern of contempt for this Court's orders and continual delay in complying with not only those Orders but also the clear requirements of the discovery rules." ECF No. 96 at PageID.1849. Although this Court directed Clayton to respond to Fowlerville's motion by June 18, 2026,

ECF No. 97, Attorney Wine chose not to file any response, ECF No. 101 at PageID.1937.

**A. Willfulness, Bad Faith, and Fault**

"To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Notably, it is the burden of the party who failed to comply with a court order or discovery obligations to show that their "failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

Here, Attorney Wine's continued disregard of the discovery rules and this Court's orders has been unquestionably willful. Indeed, this disregard has continued despite numerous admonishments and lesser sanctions. *See* ECF No. 71 at PageID.1590 ("You have not followed any of the rules since— honestly since you started on this case, which I would add was in June of 2023."). Time and again, Attorney Wine represented that he *will* provide discovery to Fowlerville's counsel and that he *will* abide by deadlines. Yet he failed to do so every time. This ongoing pattern establishes willfulness. *See Love v. Mich. Prop. Res.*, 737 F. Supp. 3d 600, 607 (E.D. Mich. 2024) (holding that a "persistent noncompliance and disregard for

procedural rules" suggests willfulness). This is especially true where, as here, Attorney Wine has repeatedly failed to explain to this Court *why* he has been unable to engage in discovery.

But as is particularly relevant to this case, the Sixth Circuit "has expressed reluctance to uphold a dismissal 'merely to discipline an errant attorney' to the detriment of an innocent client." *Mager*, 924 F.3d at 837 (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). To that end, courts "must be careful not to penalize a party for his attorney's ineptitude or sanctionable conduct." *Owens v. Meijer, Inc.*, No. 24-10732, 2025 WL 3755428, at *4 (E.D. Mich. Dec. 29, 2025) (citing *Freeland v. Amigo*, 103 F.3d 1271, 1277–78 (6th Cir. 1997)). Even so, "clients must be held accountable for the acts and omissions of their attorneys." *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001) (per curiam) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97 (1993)).

The Sixth Circuit's warning of caution is the primary reason this Court directed Clayton *himself* to attend a status conference on May 7, 2026: so that Clayton would be on notice regarding the severity of Attorney Wine's willful failures to obey court orders and engage in discovery.[4] *See generally* ECF No. 93.

---

[4] During that status conference, this Court explained to Clayton that it does not want to punish Clayton because it is "not necessarily [Clayton's] fault, but at a certain point parties have to live with the consequences of their attorneys who act as their agents." ECF No. 93 at PageID.1826. Clayton responded that he understood that the

Admirably, throughout the last year, Attorney Wine has repeatedly fallen on his sword and represented to this Court that all the discovery failures are attributable to him, and not his client. *See, e.g.*, ECF No. 71 at PageID.1600. Yet even after the May 7 status conference, Clayton elected to continue with Attorney Wine as his representative, and expressed that he is just "along for the ride" and "hopeful [that] it works out." ECF No. 93 at PageID.1830. In this way, it appears Clayton himself is a willful participant in the ongoing failures to engage in discovery and obey court orders.

At bottom, it appears both Clayton and Attorney Wine have willfully failed to engage in discovery and obey court orders, especially during the last year of discovery. Although much of the fault for this lies with Attorney Wine, some fault also lies with Clayton himself, as Clayton is aware of these ongoing failures. The Court finds that the first factor weighs slightly in favor of dismissal.

**B. Prejudice**

The second factor favors dismissal because Fowlerville has been prejudiced by Clayton's ongoing, years-long failure to meaningfully engage in discovery and comply with this Court's discovery orders. Recall that Clayton filed his third

---

parties had ended up in this position because of Attorney Wine's failure to meaningfully engage in discovery. *See id.* at PageID.1829–30.

amended complaint in October 2023, some 35 months ago.[5] *See* ECF No. 29. Since then, Fowlerville says it has wasted time, money, and effort in pursuit of basic discovery from Clayton, which has left it unable to fully develop defenses to Clayton's claims. *See* ECF No. 86 at PageID.1772–73. And although several discovery extensions were requested by Fowlerville, those extensions were requested *because of* Clayton's failure to provide signed medical release authorizations and responses to discovery requests in a timely manner.[6] *See* ECF No. 49 at PageID.1474–75 (explaining that the Parties needed more time to complete discovery because there had been significant delays in obtaining signed medical release authorizations from Clayton's counsel); ECF No. 60 at PageID.1528–29 (requesting extension of discovery cutoff because Clayton had not fully complied with this Court's July 14, 2025, order and more time was required to secure relevant medical records and depose the Plaintiffs). This is precisely the type of prejudice the Sixth Circuit has held favors dismissal under both Civil Rule 37 and Civil Rule 41. *See Schafer*, 529 F.3d at 737 (explaining that "a defendant is prejudiced by the

---

[5] Not to mention, this case was originally filed in September 2022, approximately four *years* ago.

[6] It is true that Fowlerville's third request for an extension of discovery was primarily based upon medical providers' failures to "expeditiously respon[d]" to Fowlerville's records requests. *See* ECF No. 74 at PageID.1697. But had Clayton signed and returned the medical authorizations or responded to discovery requests in a timely manner, these records requests likely could have been submitted to medical providers sooner.

plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).

At bottom, Fowlerville has been prejudiced by Clayton's repeated failure to meaningfully engage in discovery and comply with this Court's discovery orders, so the second factor weighs in favor of dismissal.

## C. Prior Warnings

"Prior notice, or the lack thereof, is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)" or 37(b). *Stough v. Maryville Comm. Schs.*, 138 F.3d, 612, 615 (6th Cir. 1998). To that end, the Sixth Circuit has remarked that a "boilerplate" warning about the possibility of sanctions, "which does not explicitly identify dismissal as a sanction, is not the type of notice sufficient to apprise a party of the possibility of dismissal." *Carpenter*, 723 F.3d at 708; *see also Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (observing that the Sixth Circuit has repeatedly reversed district court orders that dismiss cases under Civil Rule 37 or 41 where the district court did not specifically warn the noncompliant party that further noncompliance would result in dismissal).

On May 7, 2026, this Court explicitly warned both Attorney Wine and Clayton personally that if Clayton and Attorney Wine failed to comply with Court orders

regarding discovery in a timely fashion going forward, Clayton's "case will be subject to dismissal." ECF No. 93 at PageID.1827; *see also* ECF Nos. 92 at PageID.1809; 95 at PageID.1840–41 (same). Thus, this factor weighs in favor of dismissal because both Attorney Wine and Clayton were warned multiple times that failure to comply with Court orders and discovery obligations could result in dismissal as a sanction.

**D. Less Drastic Sanctions**

As to the fourth factor, there is no question that this Court has already imposed myriad less drastic sanctions that have not been effective. Indeed, beginning in July 2025, this Court has admonished Attorney Wine at several hearings and status conferences, eventually warning him that additional sanctions could be imposed if he continued to not participate in discovery and not obey court-ordered deadlines. Yet still he continued to disregard court-ordered deadlines and discovery obligations. Thus, admonishment is no longer an appropriate sanction. *See Glob. Tech., Inc. v. Ningbo Swell Indus. Co., Ltd.*, No. 19-cv-10934, 2021 WL 2283745, at *3 (E.D. Mich. June 4, 2021) (observing that admonishment is a lesser sanction, and failure to comply with court orders after admonishment could lead to harsher sanctions up to and including dismissal).

After admonishment did not resolve the ongoing failures to obey court orders and engage in discovery, this Court limited Clayton's ability to propound discovery

and imposed monetary sanctions on Attorney Wine. Neither of these sanctions solved the problems either. Indeed, Clayton—through Attorney Wine—has failed to satisfy the discovery obligations outlined in this Court's May 8, 2026, order, ECF No. 92, and failed to comply with this Court's order directing him to respond to Fowlerville's motion to dismiss by June 18, 2026, ECF No. 97.

At bottom, this Court has imposed lesser sanctions, but still Clayton and Attorney Wine continued to disregard court orders and discovery obligations. Thus, this fourth factor weighs in favor of dismissal.

### E. Balancing the Factors

Having considered all four factors, they all weigh in favor of dismissal. Thus, this Court will dismiss Clayton's third amended complaint, ECF No. 29, with prejudice as a sanction under both Civil Rule 37(b)(2)(A) and Civil Rule 41(b).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Renewed Motion to Dismiss, ECF No. 96, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Third Amended Complaint, ECF No. 29, is **DISMISSED WITH PREJUDICE**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 2, 2026